[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14817
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cr-00262-RBD-JRK-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN DOE,
a.k.a. Leroy Mayers,
a.k.a. Leroy Meyers,
a.k.a. L.T.H.,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 6, 2013)

Before CARNES, Chief Judge, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

John Doe appeals his sentence of 120 months' imprisonment after a jury found him guilty of six counts of using a false social security number, in violation of 42 U.S.C. § 408(a)(7)(B); seven counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1); and one count of making a false statement on a passport application, in violation of 18 U.S.C. § 1542.  Doe assumed Lanail Hudson's identity for over 20 years, obtained multiple identification documents in Hudson's name in 2 different states, and gained unescorted access to naval ships using Hudson's name.

We review the reasonableness of a sentence using a deferential abuse of discretion standard.  Gall v. United States, 552 U.S. 38, 41, 128 S.Ct. 586, 591 (2007).  The party challenging the sentence has the burden of demonstrating that the sentence is unreasonable in light of the record and factors outlined in § 3553(a).  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

## I.

Doe first argues that the district court clearly erred in applying a sophisticated means enhancement.  We review the district court's finding that the defendant used sophisticated means for clear error.  United States v. Ghertler, 605 F.3d 1256, 1267 (11th Cir. 2010).  Offenses that involved sophisticated means are subject to a 2-level enhancement or an increase to level 12, whichever results in the

2

higher level.  U.S.S.G. § 2B1.1(b)(10)(C).[1]  "Sophisticated means" is defined as "especially complex or especially intricate offense conduct."  U.S.S.G. § 2B1.1 cmt. n.8(B).  Each of a defendant's actions need not be sophisticated for the enhancement to be warranted as long as the totality of the scheme is sophisticated.  Ghertler, 605 F.3d at 1267.  Conduct that is repetitive and coordinated may be sophisticated.  United States v. Barrington, 648 F.3d 1178, 1199 (11th Cir. 2011).

Although each of Doe's individual activities may not have been sophisticated, the totality of his scheme was.  He repeatedly used identifying documents that he had wrongfully gotten from one agency to get identification documents another agency, including a naval identification card that allowed him to go unescorted on U.S. navy ships.  He was able to maintain this fraud for over two decades and in two different states.  The district court did not clearly err in finding that Doe's offenses involved sophisticated means.

## II.

Doe next argues that the district court procedurally erred in imposing four consecutive sentences for his aggravated identity theft convictions under 18 U.S.C. § 1028A because it failed to consider the factors enumerated in U.S.S.G. § 5G1.2.

---

[1] Because Doe's base offense level was 6, he received a 6-level enhancement to put him at a level of 12.

3

A defendant convicted under 18 U.S.C. § 1028A is required to serve a term of two years' imprisonment, which must run consecutively to any term of imprisonment imposed for any other offense.  18 U.S.C. § 1028A(a)(1), (b)(2). Where a defendant has multiple convictions under § 1028A, the district court has the discretion to decide whether the terms of imprisonment for the convictions should run concurrently to each other, but such discretion must be exercised in accordance with the applicable guidelines and policy statements of the Sentencing Commission.  18 U.S.C. § 1028A(b)(4).  The court should consult U.S.S.G. § 5G1.2 for guidance in determining whether to impose concurrent or consecutive sentences.  U.S.S.G. § 2B1.6 cmt. n.1(B).  The commentary to § 5G1.2 states that the court should consider (i) the nature and seriousness of the underlying offenses, (ii) whether the offenses are groupable, and (iii) whether the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2) are better achieved by imposing a concurrent or consecutive sentence.  U.S.S.G. § 5G1.2 cmt. n.2(B).

Doe's argument that the district court did not consider the factors outlined in § 5G1.2 is unpersuasive.  Although the district court did not explicitly refer to § 5G1.2 before imposing the consecutive sentences at Doe's sentencing hearing, it considered § 5G1.2 factors, discussing the nature and seriousness of Doe's offense and considering the factors listed in 18 U.S.C. 3553(a)(2).  The court also noted in its written sentencing order that it had considered the § 5G1.2 factors.  The district

4

court did not abuse its discretion by imposing four consecutive sentences for Doe's aggravated identity theft convictions.  See United States v. Bonilla, 579 F.3d 1233, 1244–45 (11th Cir. 2009) (affirming imposition of consecutive sentences for § 1028A convictions when the court "went through all of the 5G1.2 factors" and "repeatedly expressed its concern over the seriousness of the offenses and discussed and evaluated the 3553(a) factors.").

## III.

Finally, Doe argues that his 120-month total sentence is substantively unreasonable because the district court improperly weighed the 18 U.S.C. § 3553(a) factors by overemphasizing his ability to gain access to a secure port facility and naval base using his victim's identity.

In reviewing a sentence for substantive reasonableness, we examine the totality of the circumstances and ask "whether the statutory factors in § 3553(a) support the sentence in question."  United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).  The § 3553(a) factors are: the nature and circumstances of the offense and history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense; the need to promote respect for the law and afford adequate deterrence; the need to protect the public; the need to provide the defendant with training, education and medical care; the kinds of sentences available; the Sentencing Guidelines range for the offense; the Sentencing

5

Commission policy statements; the need to avoid unwarranted sentencing disparities; and the need to provide victims with restitution.  18 U.S.C. § 3553(a).  "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court."  United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007); see also United States v. Kapordelis, 569 F.3d 1291, 1316-17 (11th Cir. 2009) ("Attaching 'great weight' to a single § 3553(a) factor does not automatically make a sentence unreasonable, but, when viewed under the totality of the circumstances, an unjustified reliance on a single factor may result in an unreasonable sentence if the court relied on impermissible factors or ignored other relevant § 3553(a) factors.").  We will vacate a sentence only if we have the "definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010).

As the district court noted, Doe's offense was quite serious.  He used Hudson's identity for over 20 years and used it to obtain driver's licenses, passports, social security cards, and an identification card for a U.S. naval base.  The district court also emphasized the need to promote respect for the law and for deterrence.  It noted the damage suffered by the true Lanail Hudson and the high likelihood of Doe to recidivate, particularly since Doe refused to tell the court his

6

true identity. Although the guidelines range for Doe's use of a false security number and false passport application was 27–33 months, the court was required to add 24 months for each count of identity theft. The court, exercising its discretion, required that four of those sentences run consecutively. As discussed above, that was not an abuse of discretion. Doe's sentence is substantively reasonable in light of record and § 3553(a) factors.

**AFFIRMED.**

7